UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TAVARIS DELINO BATTLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 18-065-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, USP-McCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Tavaris Delino Battle is presently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Battle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] For the reasons set forth below, Battle's petition will be denied.

Pursuant to a written plea agreement with the government, Battle pled guilty in February 2015 to a charge of conspiring to distribute and possessing with the intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1). Additionally, he pled guilty to a charge of using and carrying a firearm in furtherance of a drug-trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) (Count 9). Under the United States Sentencing Guidelines applicable to his case, and based on a total offense level of 43 and a criminal history category of VI, Battle's range for imprisonment was life imprisonment on Count 1 and 120 months imprisonment on Count 9. Battle was sentenced in November 2014 to a term of life imprisonment on Count 1 and a consecutive term of imprisonment of 120 months on Count 9, for a total term of life

-1-

imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed Battle's conviction and sentence. Further, his subsequent efforts to vacate his sentence were unsuccessful. *United States v. Battle*, No. 5:13-cr-237-D-1 (E.D.N.C. 2013).

Battle has now filed a § 2241 petition with this Court, citing *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017), as authority for the relief sought. [Record No. 1] However, he may not pursue the claims he asserts in this proceeding. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Typically, a § 2241 petition may only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Therefore, as a general matter, a federal prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available

"only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated the exception to the general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Battle does not satisfy the first requirement of *Hill* because he was sentenced in 2014, long after *Booker* was decided. And while he attempts to rely on the Supreme Court's decision in *Dean*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). *Dean* does not meet this threshold requirement. *United States v. Payne*, No. 94-CR-150-TCK, 2017 WL 3730612, at *2 (N.D. Okl. Aug. 29, 2017) ("All authority located by this Court indicates that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review.") (collecting cases); *Simmons v. Terris*, No. 17-CV-11771, 2017 WL 3017536, at *3

(E.D. Mich. July 17, 2017) (holding claim under *Dean* is not cognizable in § 2241 petition); *Wells v. Terris*, No. 17-CV-12253, 2017 WL 3777120, at *2 (E.D. Mich. Aug. 31, 2017) (same). Finally, Battle's attempt to rely on *Miller v. Alabama*, 132 S.Ct. 2245 (2012), to establish *Dean*'s retroactivity is unavailing. *Miller* addressed the constitutionality of imposing mandatory life imprisonment without parole for those under the age of 18. It is not relevant to this case.

In short, Battle's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Battle's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 21st day of March, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge